| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **NEXUS_BANKRUPTCY**<br>BENJAMIN HESTON (297798)<br>100 Bayview Circle #100<br>Newport Beach, CA 92660<br>Tel: 951.290.2827<br>Fax: 949.288.2054<br>*ben@nexusbk.com*<br><br>☐ *Individual appearing without attorney*<br>☑ *Attorney for: Debtor* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>**Maximo Arturo Arriola** | CASE NO: **6:22-bk-13643-SY**<br><br>**CHAPTER 13** |
|---|---|
| | **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>**(with supporting declarations)** |
| | DATE: **October 26, 2022**<br>TIME: **9:30 AM**<br>COURTROOM: **302**<br>PLACE: **United States Bankruptcy Courthouse**<br>    **3420 Twelfth Street, Riverside, CA 92501** |
| Debtor(s). | |

**Movant: <u>Maximo Arturo Arriola</u>**

1. NOTICE IS HEREBY GIVEN to **<u>Lakeview Loan Servicing, California Housing Finance Agency</u>** (Secured Creditor/Lessor), trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location:**

   ☐ **255 East Temple Street, Los Angeles, CA 90012**      ☐ **411 West Fourth Street, Santa Ana, CA 92701**
   ☐ **21041 Burbank Boulevard, Woodland Hills, CA 91367**   ☐ **1415 State Street, Santa Barbara, CA 93101**
   ☑ **3420 Twelfth Street, Riverside, CA 92501**

3. a. ☐ This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b. ☑ This motion is being heard on SHORTENED NOTICE.  If you wish to oppose this motion, you must appear at the hearing.  Any written response or evidence must be filed and served: ☑ at the hearing  ☑ at least **0** days before the hearing.

(1) ☑ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

(2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon the appropriate creditor(s) and trustee, if any.

(3) ☐ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending.  Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date:  **October 11, 2022**

**Nexus Bankruptcy**
Printed name of law firm (if applicable)

**Benjamin Heston**
Printed name of individual Movant or attorney for Movant

**/s/Benjamin Heston**
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 2                    **F 4001-1.IMPOSE.STAY.MOTION**

**MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**

**Movant: <u>Maximo Arturo Arriola</u>**

1.    **The Property or Debt at Issue:**

      a. ☑ Movant moves for an order imposing a stay with respect to the following property (Property):

           ☐ Vehicle *(describe year, manufacturer, type, and model):*
              Vehicle Identification Number:
              Location of vehicle *(if known):*

           ☐ Equipment *(describe manufacturer, type, and characteristics):*
              Serial number(s):
              Location *(if known):*

           ☑ Other Personal Property *(describe type, identifying information, and location):*

              **All property in which Debtor has an interest.**

           ☑ Real Property
              Street Address: **4199 Ninth Street**
              Apt./Suite No.:
              City, State, Zip Code: **Riverside, CA 92501**
              Legal description or document recording number(include county of recording):

           <u>**LEGAL DESCRIPTION:**</u>

           **The land hereinafter referred to is situated in the City of Riverside, County of Riverside, State of CA, and is described as follows:**
           **That portion of Block 8, Range 11, in the City of Riverside, County of Riverside, State of California, as shown by map on file in Book 7, Page 17 of Maps, records of San Bernardino County, California, described as follows:**
           **Commencing at the Southwesterly corner of said Block; thence Easterly along the Northerly line of Ninth Street, 80 feet; thence at right angles Northerly and parallel with the Easterly line of Locust Street, 55 feet; thence at right angles Westerly and parallel with the Northerly line of Ninth Street, 80 feet to the Easterly line of Locust Street; thence Southerly on the Easterly line of Locust Street, 55 feet to the point of beginning.**

           ☐ See attached continuation page

The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) **(see below)** to secure the sum of approximately **(see below)** now owed. (Secured Creditor/Lessor).  Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached. (*Attach additional sheets as necessary*)

**Lakeview Loan Servicing, LLC ($393.623)**
**3637 Sentara Way**
**Virginia Beach, VA 23452**

**California Housing Finance Agency ($24,291)**
**500 Capitol Mall, Ste 1400 MS 350**
**Sacramento CA 95814**

**Chase Bank ($2,413, unsecured)**
**c/o Robertson, Anschutz, & Schneid**
**6409 Congress Ave Ste 100**
**Boca Raton, FL 33487-2853**

**Portfolio Recovery Associates ($1,473, unsecured)**
**P.O. Box 14067**
**Norfolk, VA 23518-0067**

**Verizon / American InfoSource ($1,310, unsecured)**
**4515 N Santa Fe Ave**
**Oklahoma City, OK 73118-7901**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 3                    **F 4001-1.IMPOSE.STAY.MOTION**

b. ☐ Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the <u>*Secured Creditors/Lessors*</u> as described in this motion; and/or

c. ☐ Movant moves for an order **imposing a stay** <u>as to *all creditors.*</u>

d. ☑ Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the <u>*Secured Creditor/Lessor*</u>, and/or

e. ☑ Movant moves for an order **continuing the automatic stay** <u>as to *all creditors*</u>.

2. **Case History:**

   a. ☑ A voluntary ☐ An involuntary petition concerning an individual[s] under chapter ☐ 7 ☐ 11 ☐ 12
      ☑ 13 was filed concerning the present case on *(specify date)*: **September 29, 2022**

   b. ☐ An Order of Conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on *(specify date)*:

   c. ☐ Plan was confirmed on *(specify date)*:

   d. ☑ Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

      1. Case name: **In re Maximo Arturo Arriola**
         Case number: **6:19-bk-18638-SY**       Chapter: **13**
         Date Filed: **September 30, 2022**       Date dismissed: **July 27, 2022**
         Relief from stay re this Property         ☑ was **(by stipulation)** ☐ was not granted
         Reason for dismissal: **Case was dismissed on the Trustee's Motion to Dismiss for delinquency.**

      ☐ See attached continuation page

   e. ☑ As of the date of this motion the Debtor ☐ has ☑ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. §521(a)(2). If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

   f. ☑ The first date set for the meeting of creditors under 11 U.S.C §341(a) is/was **November 2, 2022** and the court ☐ has ☑ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2). The extended date *(if applicable)* is ___.

   g. ☑ In a previous case(s), as of the date of dismissal there was:
      ☑ an action by the Secured Creditor/Lessor under 11 U.S.C. §362(d) still pending or
      ☐ such action had been resolved by an order terminating, conditioning or limiting the stay as to such creditor.

3. The equity in the property is calculated as follows:

   a) 1. Property description/value: <u>**4199 Ninth Street, Riverside, CA 92501**</u>       <u>**$512,000**</u>
      2. Creditor/Lien amount: <u>**Lakeview Loan Servicing**</u>                             <u>**$393,623**</u>
      3. Creditor/Lien amount: <u>**California Housing Finance Agency**</u>                    <u>**$11,763**</u>
      4. Creditor/Lien amount: <u>**California Housing Finance Agency**</u>                    <u>**$12,528**</u>
      5. Creditor/Lien amount:___                                                             **$___**
      6. Total Liens                                                                          <u>**$417,914**</u>
      7. Debtor's Homestead Exemption                                                         <u>**$580,000**</u>
      8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)           <u>**($485,914)**</u>

   b) 1. Propery description/value:___                                                        $___
      2. Creditor/Lien amount:___                                                             $___
      3. Creditor/Lien amount:___                                                             $___
      4. Creditor/Lien amount:___                                                             $___
      5. Creditor/Lien amount:                                                                $___
      6. Total Liens                                                                          $___
      7. Debtor's Homestead Exemption                                                         $___

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                        Page 4                        **F 4001-1.IMPOSE.STAY.MOTION**

8.   Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)          $__

☐ See attached continuation page

**4.   Grounds for Continuing the Stay:**

a.   ☑ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

1.   ☑ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

A.   ☑ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

B.   ☑ Good faith is shown because:

**See attached Declaration of Maximo Arriola.**

☐ See attached continuation page

2.   ☑ The Property is of consequential value or benefit to the estate because:

A.   ☑ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached *(describe separately as to each property);*.

B.   ☑ The Property is necessary to a reorganization for the following reasons:

**The Property is Debtor's residence. In re Elmore, 94 B.R. 670 (Bankr. C.D. Cal. 1988).**

☐ See attached continuation page

C.   ☑ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection:)

**Debtor will be making all post-petition mortgage payments and will maintain adequate insurance. 11 USC § 361(1); In re Ryals (BC ED TN 1980) 3 BR 522, 524; Matter of Rose (BC D NJ 1982) 21 BR 272, 277; Mitchell v. BankIllinois (SD TX 2004) 316 BR 891, 899-900.**

**The Property has an equity cushion of approximately 20% to 25%. In re Mellor, 734 F.2d 1396 (9th Cir. 1984).**

☐ See attached continuation page

3.   ☑ The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

A.   ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);

B.   ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;

C.   ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because __

☐ See attached continuation page

D.   ☑ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because:

**See attached Declaration of Maximo Arriola.**

☐ See attached continuation  page

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 5                    **F 4001-1.IMPOSE.STAY.MOTION**

E. ☑ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

**See attached Declaration of Maximo Arriola.**

☐ See attached continuation page

F. ☑ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

**See attached Declaration of Maximo Arriola.**

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

☐ See attached continuation page

G. ☑ For the following additional reasons:

**See attached Declaration of Maximo Arriola.**

☐ See attached continuation page

4. ☑ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because:

**See attached Declaration of Maximo Arriola.**

**Debtor's Chapter 13 Plan provides for full payment of the arrears owed to Lakeview Loan Servicing.**

☐ See attached continuation page

5. **Grounds for Imposing a Stay:**

a. ☐ Pursuant to 11 U.S.C.§362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:

1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

2. ☐ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons:.

☐ See attached continuation page

3. ☐ The Secured Creditor/Lessor's interest can be adequately protected by *(describe Movant's proposal for adequate protection)*:

☐ See attached continuation page

b. ☐ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

1. ☐ The prior  dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

2. ☐ Good faith is shown because

☐ See attached continuation page

c. ☐ The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors*

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                     Page 6                         **F 4001-1.IMPOSE.STAY.MOTION**

because:

1.    ☐    Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows: ___

        ☐ See attached continuation page

2.    ☐    Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

3.    ☐    Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because ___

        ☐ See attached continuation page

4.    ☐    Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because ___

        ☐ See attached continuation page

5.    ☐    There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:

(from which the Court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

        ☐ See attached continuation page

6.    ☐    For the following additional reasons:

        ☐ See attached continuation page

7.    ☐    The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(4)(D)(ii) is overcome in this case because:

        ☐ See attached continuation page

6.    **Evidence in Support of Motion:**  *(Important Note:  Declaration(s) in support of the Motion MUST be attached hereto).*

  a.    ☐    Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.

  b.    ☑    Other Declaration(s) are also attached in support of this Motion: **Declaration of Maximo Arriola in Support of Motion to Continue the Automatic Stay is attached as Exhibit A.**

  c.    ☑    Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules.  **Authenticated copies of the relevant portions of the Schedules are attached as Exhibit B.**

  d.    ☐    Other evidence *(specify)*: ___

7.    ☐    **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following** *(specify forms of relief requested)*:

1.    ☑    That the Automatic Stay be continued in effect as to all creditors until further order of the court.

2.    ☑    That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

3.    ☑    That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                Page 7                          **F 4001-1.IMPOSE.STAY.MOTION**

4. ☐ That a Stay be imposed as to all creditors until further order of the court..

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by *(specify proposed adequate protection)* __

8. ☐ For other relief requested, see attached continuation page.


Date: **October 12, 2022**

Respectfully submitted,
**Maximo Arriola**
Movant Name
**Nexus Bankruptcy**
Firm Name of attorney for Movant (if applicable)

**/s/Benjamin Heston**
Signature
**Benjamin Heston**
Printed Name of Individual Movant or Attorney for Movant


# DECLARATION OF MOVANT

     I __, am the __ of Movant. I have read the foregoing motion consisting of __ pages, and the attached materials incorporated therein by reference.  If reference is made to balances owing, my testimony regarding same is based upon the business records of Movant kept in the ordinary course of business of Movant by persons whose responsibility it is to accurately and faithfully record information as to the Debtor's account on or near the date of events recorded.  I am one of the custodians of such business records.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_____    _____    _____
*Date*    *Printed name of declarant*    *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 8    **F 4001-1.IMPOSE.STAY.MOTION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

1

*Nexus Bankruptcy*
Benjamin Heston (297798)
100 Bayview Circle #100
Newport Beach, CA 92660
Tel: 951.290.2827
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>MAXIMO ARTURO ARRIOLA,<br><br>Debtor. | Case No: 6:22-bk-13643-SY<br><br>**Chapter 13**<br><br>**DECLARATION OF MAXIMO ARRIOLA IN SUPPORT OF MOTION TO CONTINUE THE AUTOMATIC STAY**<br><br>**Hearing:**<br>Date:  October 26, 2022<br>Time: 9:30 am<br>Courtroom: 302 |

I, Maximo Arturo Arriola, declare as follows:

1. I am the Debtor in this bankruptcy case. I have personal knowledge of all facts stated herein. As to all allegations stated on information and belief, I believe these allegations to be true. I could competently testify to the allegations contained herein.

2. For the past several years I have been living with my brother, Eduardo Arriola, and his children.

3. Our household's income has derived from the following sources:

   a. CalWORKs Child Care

   b. VA Disability

   c. Eduardo's self-employment income

   d. Eduardo's CalWORKs Cash Aid

   e. Eduardo's CalFresh

4. Over the past few years, I have had many issues with the agencies that administer these programs which has caused delays, incorrect payments and other setbacks.

5. Throughout my previous case, there were several instances where my income temporarily dropped due to a variety of issues that were beyond my control. At several points, my CalWORKS Child Care income dropped due to the agency miscalculating my hourly rate or erroneously giving me a much lower flat monthly rate when I should have been getting paid hourly.

6. During my prior case, Eduardo's income also fluctuated wildly, primarily due to the fact that the construction industry was upended during various stages of the pandemic, lock-down, supply chain shortages, the volatile housing market, and inflation.

7. In October of 2021, CalWORKs mistakenly cut my monthly income from approximately $1,800 per month to approximately $600 per month. I opened a dispute and was able to get his resolved after a few months in the form of a back-payment. However, the damage had already been done, which then snowballed and caused my case to be dismissed.

8. At the beginning of the year, I appealed to the VA to increase my disability rating. The process took several months, but it resulted in my VA Disability income increasing from $301.74 per month to $673.28 per month, as well receiving a back-payment of $5,271.95 in September.

9. I felt that the VA incorrectly decided my disability rating and resulting income, so I have an attorney assisting me with another appeal. I received a call from her today, October 12th, and she informed me that she was planning to file the appeal as early as next week. Based on my prior experience with the VA, I believe that this should be resolved within 6 months.

10. In March, my income from CalWORKs went from approximately $1,800 to approximately $2,000 per month. According to CalWORKs' guidelines, my income should be closer to $3,000 per month. I have started a formal dispute and should be hearing back from them very soon.

11. In September, I started receiving a CalWORKs Supplemental Rate Payment of $125 per month along with my CalWORKs Child Care, as well as $500 in back-payments.

12. These recent changes total approximately $2,500 per month.

13. Over the past several months, Eduardo, who is a self-employed electrician, has been locked into a contract which has caused his income to drop. This contract will be completed by the end of the year, at which point his income will rise significantly. He has recently started to take on smaller jobs that don't interfere with his main contract work, so his income may rise sooner than expected.

14. Eduardo has been receiving CalFresh benefits that increased by approximately $200 in July.

15. Eduardo has been receiving CalWORKs Cash Aid which also increased by approximately $200 in July.

16. These recent changes total $400 per month.

17. Once Eduardo's longer-term contract ends near the end of the year, his income will further increase.

18. Eduardo is just as motivated to make this case successful as I am, and will make contributions in whatever amount necessary to ensure that all payments are made.

19. Even before my case was dismissed, Eduardo and I have been saving up to ensure that I am able to hit the ground running on the present case. I have already made my first on-going mortgage payment, and I will be making my first Chapter 13 Plan payment prior to the hearing on this motion.

20. I am filing this declaration alongside my other case documents, including my Schedule I & J budget, the Chapter 13 Plan, and my brother's contribution declaration which are attached to the Motion as Exhibit B. These documents all support the facts outlined above.

21. I have reviewed a recent mortgage statement and the Proofs of Claims filed by the California Housing Finance Agency and believe that the total amount of the liens is $417,914.

3

22. When this case was filed, I checked Zillow.com which listed that the home is worth $512,000. Based on my personal knowledge of the property and the surrounding area, I believe that this is an accurate valuation.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: October 12, 2022

MAXIMO ARRIOLA

4

# EXHIBIT B

# SCHEDULES I & J

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Maximo** | **Arturo** | **Arriola** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **Central District of California** | |
| Case number | **6:22-bk-13643-SY** | | |
| (if known) | | | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition
   chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| 1. **Fill in your employment information.** | **Employment status** | ☑ Employed ☐ Not Employed | ☐ Employed ☐ Not Employed |
| If you have more than one job, attach a separate page with information about additional employers. | **Occupation** | Caregiver | |
| | **Employer's name** | CalWORKs Child Care | |
| Include part time, seasonal, or self-employed work. | **Employer's address** | 5961 Mission Blvd | |
| | | Number Street | Number Street |
| Occupation may include student or homemaker, if it applies. | | Riverside Dept of Public Social Services | |
| | | Jurupa Valley, CA 92509-4214 | |
| | | City State Zip Code | City State Zip Code |
| | **How long employed there?** | 3 years 4 months | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions.) If not paid monthly, calculate what the monthly wage would be. | 2. | $2,077.59 | $0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. + | $0.00 | + $0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $2,077.59 | $0.00 |

Debtor 1    **Maximo          Arturo          _____**          Case number *(if known)* 6:22-13643-SY
            First Name    Middle Name    Last Name

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Copy line 4 here..............................................→ | 4. | $2,077.59 | $0.00 |
| **5.** | **List all payroll deductions:** | | | |
| | 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $0.00 | $0.00 |
| | 5b. **Mandatory contributions for retirement plans** | 5b. | $0.00 | $0.00 |
| | 5c. **Voluntary contributions for retirement plans** | 5c. | $0.00 | $0.00 |
| | 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | $0.00 |
| | 5e. **Insurance** | 5e. | $0.00 | $0.00 |
| | 5f. **Domestic support obligations** | 5f. | $0.00 | $0.00 |
| | 5g. **Union dues** | 5g. | $0.00 | $0.00 |
| | 5h. **Other deductions.** Specify: _____ | 5h. + | $0.00 | + $0.00 |
| **6.** | **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | $0.00 | $0.00 |
| **7.** | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $2,077.59 | $0.00 |
| **8.** | **List all other income regularly received:** | | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** | | | |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $0.00 | $0.00 |
| | 8b. **Interest and dividends** | 8b. | $0.00 | $0.00 |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | | |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $0.00 | $0.00 |
| | 8d. **Unemployment compensation** | 8d. | $0.00 | $0.00 |
| | 8e. **Social Security** | 8e. | $0.00 | $0.00 |
| | 8f. **Other government assistance that you regularly receive** | | | |
| | Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: _See additional page_ | 8f. | $2,398.28 | $0.00 |
| | 8g. **Pension or retirement income** | 8g. | $0.00 | $0.00 |
| | 8h. **Other monthly income.** Specify: _____ | 8h. + | $0.00 | + $0.00 |
| **9.** | **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $2,398.28 | $0.00 |
| **10.** | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse | 10. | $4,475.87 + | $0.00 = $4,475.87 |

**11.** State all other regular contributions to the expenses that you list in *Schedule J.*

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _Contributions from Debtor's brother, Eduardo Arriola_                                      11. +    $725.00

**12.** Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies                12.    $5,200.87

**Combined monthly income**

**13.** Do you expect an increase or decrease within the year after you file this form?

☐ No.
☑ Yes. Explain:  Debtor is currently in the process of appealing his disability rating with the VA, and he is expecting that his income will increase within 6 months.

| Debtor 1 | **Maximo** | **Arturo** | **Doe** | Case number *(if known)* 6:22-bk-13643-SY |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| | Amount |
|---|---|
| **8f. Other government assistance that you regularly receive For Debtor 1** | |
| VA Disability | $673.28 |
| Debtor's Brother's CalWORKs Cash Aid | $800.00 |
| CalWORKs Supplemental Rate | $125.00 |
| Debtor's Brother's CalFresh | $800.00 |

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Maximo**      **Arturo**      **Arriola** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | **Central District of California** |
| Case number | **6:22-bk-13643-SY** |
| (if known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13
expenses as of the following date:

_____

MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses
**12/15**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Your Household |
|---|---|

1. **Is this a joint case?**

   ☑ No. Go to line 2.

   ☐ Yes. **Does Debtor 2 live in a separate household?**

   ☐ No

   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ No

   ☑ Yes. Fill out this information for each dependent.............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Niece | 12 | ☐ No. ☑ Yes. |
| Nephew | 10 | ☐ No. ☑ Yes. |
| Niece | 7 | ☐ No. ☑ Yes. |
| Newphew | 7 | ☐ No. ☑ Yes. |
| | | ☐ No. ☐ Yes. |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No

   ☐ Yes

| Part 2: | Estimate Your Ongoing Monthly Expenses |
|---|---|

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | **Your expenses** |
|---|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4. | $2,194.27 |
| **If not included in line 4:** | | |
| 4a. Real estate taxes | 4a. | $0.00 |
| 4b. Property, homeowner's, or renter's insurance | 4b. | $0.00 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. | $50.00 |
| 4d. Homeowner's association or condominium dues | 4d. | $0.00 |

| Debtor 1 | Maximo | Arturo | Arriola | | Case number *(if known)* 6:22-bk-13643-SY |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

| | | | **Your expenses** |
|---|---|---|---|

| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $0.00 |
|---|---|---|---|
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $300.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $15.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $170.00 |
| | 6d. Other. Specify: _____ | 6d. | $0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $500.00 |
| 8. | **Childcare and children's education costs** | 8. | $0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $50.00 |
| 10. | **Personal care products and services** | 10. | $50.00 |
| 11. | **Medical and dental expenses** | 11. | $50.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $100.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $0.00 |
| | 15b. Health insurance | 15b. | $0.00 |
| | 15c. Vehicle insurance | 15c. | $0.00 |
| | 15d. Other insurance. Specify: _____ | 15d. | $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $0.00 |
| | 17c. Other. Specify: _____ | 17c. | $0.00 |
| | 17d. Other. Specify: _____ | 17d. | $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 106I).** | 18. | $0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | |
| | 20a. Mortgages on other property | 20a. | $0.00 |
| | 20b. Real estate taxes | 20b. | $0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $0.00 |

| Debtor 1 | **Maximo** | **Arturo** | **Arriola** | Case number *(if known)* 6:22-bk-13643-SY |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

21. **Other.** Specify: _____     21.    **+** _____ $0.00

22. **Calculate your monthly expenses.**

22a. Add lines 4 through 21.     22a. _____ $3,479.27

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2     22b. _____ $0.00

22c. Add line 22a and 22b. The result is your monthly expenses.     22c. _____ $3,479.27

23. **Calculate your monthly net income.**

23a. Copy line 12 (your combined monthly income) from *Schedule I.*     23a. _____ $5,200.87

23b. Copy your monthly expenses from line 22c above.     23b. **−** _____ $3,479.27

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income.*     23c. _____ $1,721.60

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your
mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.      None

# CHAPTER 13 PLAN

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| **NEXUS_BANKRUPTCY**<br>BENJAMIN HESTON (297798)<br>100 Bayview Circle #100<br>Newport Beach, CA 92660<br>Tel: 951.290.2827<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Debtor appearing without attorney*<br>☑ *Attorney for Debtor* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

</div>

| List all names (including trade names) used by Debtor within the last 8 years.<br>In re:<br><br>**MAXIMO ARTURO ARRIOLA,**<br><br>**Debtor.**<br><br><br><div align="right">Debtor(s).</div> | CASE NUMBER: **6:22-bk-13643-SY**<br><br>CHAPTER 13<br><div align="center">**CHAPTER 13 PLAN**<br>☑ Original<br>☐ 1st Amended*<br>☐ 2nd Amended*<br>☐ _____ Amended*<br><br>*list below which sections have been changed:</div><br>_____<br><div align="center">[FRBP 3015(b); LBR 3015-1]</div><br>**11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**<br>Date:        **November 2, 2022**<br>Time:        **9:00 AM**<br>Address:    **Video Conference - Go to Trustee website for instructions (www.rodan13.com)**<br><br>**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br>Date:        **December 6, 2022**<br>Time:        **1:30 PM**<br>Address:    **Courtroom 302**<br>                  **3420 Twelfth Street**<br>                  **Riverside, CA 92501** |

| |
|---|
| *"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*<br>*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.* |

**Part 1: PRELIMINARY INFORMATION**

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**TO ALL CREDITORS:** This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                          Page  1                          **F3015-1.01.CHAPTER13.PLAN**

reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.**

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. See LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

    1.1  **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
        ☐ **Included**  ☑ **Not included**

    1.2  **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
        ☐ **Included**  ☑ **Not included**

    1.3  **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
        ☐ **Included**  ☑ **Not included**

    1.4  **Other Nonstandard Plan provisions, set out in Section IV:**
        ☐ **Included**  ☑ **Not included**

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

**Part 2: PLAN TERMS**

Debtor proposes the following Plan terms and makes the following declarations:

**Section I. PLAN PAYMENT AND LENGTH OF PLAN**

    A.  Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

        Payments by Debtor of:
        .
        **$1,722 per month for months 1 through 60, totaling $103,320.**
        **For a total plan length of 60 months totaling $103,320.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*        Page  2        **F3015-1.01.CHAPTER13.PLAN**

B.   Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is **$5,196**.

1.   Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid *pro rata* per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

a. ☑ **"Percentage" plan: 0%** of the total amount of these claims, for an estimated total payment of **$0**.

b. ☑ **"Residual" plan:** The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of **$0.00** and **0%** to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2.   Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

(a) the sum of **$0.00**, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

(b) if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $__, representing all disposable income payable for 60 months under the means test.

C.   Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D.   In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

E.   Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F.   Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page *3*                                    **F3015-1.01.CHAPTER13.PLAN**

ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G.  The Chapter 13 Trustee is authorized to disburse funds after the date the Plan confirmation is announced in open court.

H.  Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I.  Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J.  If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K.  Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

**Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

**A.  ORDER OF PAYMENT OF CLAIMS:**

**1st**  If there are Domestic Support Obligations, the order of priority will be:

(a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

(a) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full.

**2nd**  Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan..

**3rd**  Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

**B.  CLASSIFICATION AND TREATMENT OF CLAIMS:**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                        Page  *4*                          **F3015-1.01.CHAPTER13.PLAN**

# CLASS 1

## ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507

Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | TOTAL PAYMENT |
|---|---|---|---|
| **a. Administrative Expenses** | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2) Attorney's Fees | **$5,000** | | **$5,000** |
| (3) Chapter 7 Trustee's Fees | | | |
| (4) Other | | | |
| (5) Other | | | |
| **b. Other Priority Claims** | | | |
| (1) Internal Revenue Service | | | |
| (2) Franchise Tax Board | | | |
| (3) Domestic Support Obligation | | | |
| (    ) Other | | | |
| c. Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months) | | | |
| *(specify creditor name)*: | | | |

☐ See attachment for additional claims in Class 1.

# CLASS 2

## CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE
## ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

*Check one.*

☐ None. *If "None" is checked, the rest of this form for Class 2 need not be completed.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page  5                    **F3015-1.01.CHAPTER13.PLAN**

☑ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| Lakeview Loan Servicing | 5055 | $92,563 | 0% | $892.90 | $92,563 | Debtor |
| California Housing Finance Agency | 7663 | N/A | N/A | N/A | N/A | Debtor |
| California Housing Finance Agency | 7664 | N/A | N/A | N/A | N/A | Debtor |

☐ See attachment for additional claims in Class 2.

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

## CLASS 3B

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page  6                          **F3015-1.01.CHAPTER13.PLAN**

(a) <u>Bifurcated claims - secured parts</u>: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

(i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

(ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) <u>Bifurcated claims - unsecured parts</u>: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

☐ See attachment for additional claims in Class 3B.

## CLASS 3C

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.**

*Check all that apply.*

☑ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☐ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

### IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### CURE AND MAINTAIN CLAIMS

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page  7                          **F3015-1.01.CHAPTER13.PLAN**

contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | ONGOING PAYMENT DISBURSING AGENT |
| | | | | | | Trustee Debtor |

☐ See attachment for additional claims in Class 3C.

# CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one*.

☑ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

☐ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle     acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

☐ See attachment for additional claims in Class 3D.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page  *8*                                    **F3015-1.01.CHAPTER13.PLAN**

| CLASS 4 |
|---|

**OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE
AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE,
WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)**

*Check one.*

☑ None. *If "None" is checked, the rest of this form for Class 4 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE, IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| | | | | | | Trustee<br>Debtor |

☐ See attachment for additional claims in Class 4.

| CLASS 5A |
|---|

**NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED**
Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

**SEPARATE CLASSIFICATION:**
*Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.*
   ☑ **None.** *If "None" is checked, the rest of this form for Class 5 need not be completed.*

| CLASS 5B |
|---|

☐ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
| | | | | |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 9                    **F3015-1.01.CHAPTER13.PLAN**

## CLASS 5C

☐ **Other separately classified nonpriority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|---|
| | | | | |

☐ See attachment for additional claims in Class 5.

## CLASS 6

### SURRENDER OF COLLATERAL

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

**Creditor Name:** _____    **Description:** _____

☐ See attachment for additional claims in Class 6.

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES
Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (*identify the contract or lease at issue and the other party(ies) to the contract or lease*):

**Creditor Name:** _____

**Description:** _____
    ☐ Rejected                    ☐ Assumed; cure amount (if any): $ _____
                                   to be paid over _____ months

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                              *Page 10*                          **F3015-1.01.CHAPTER13.PLAN**

**Creditor Name:** _____

**Description:** _____

☐ **Rejected**                                    ☐ **Assumed; cure amount (if any): $** _____
                                                    **to be paid over _____ months**

**Payments to be cured within _____ months of filing of the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

## Section III. PLAN SUMMARY

| | |
|---|---|
| **CLASS 1a** | $5,000.00 |
| **CLASS 1b** | $0.00 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $92,563.00 |
| **CLASS 3B** | $0.00 |
| **CLASS 3C** | $0.00 |
| **CLASS 3D** | $0.00 |
| **CLASS 4** | $0.00 |
| **CLASS 5A** | $0.00 |
| **CLASS 5C** | $0.00 |
| **CLASS 7** | $0.00 |
| **SUB-TOTAL** | $97,563.00 |
| **CHAPTER 13 TRUSTEE'S FEE**<br>**(Estimated 11% unless advised otherwise)** | $5,757.00 |
| **TOTAL PAYMENT** | $103,320.00 |

## Section IV. NON-STANDARD PLAN PROVISIONS

☑ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is <u>ineffective</u>.** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐ A. Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]. Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A**.

☐ B. Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]. Debtor will file a Motion to avoid a judicial lien or nonpossessory,

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    *Page 11*                                    **F3015-1.01.CHAPTER13.PLAN**

nonpurchase-money security interest, on real or personal property of the bankruptcy estate listed below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.):** _____

_____

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.):** _____

_____

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (*e.g.*, 2nd lien on 123 Main St.):** _____

_____


☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

☐  C. <u>Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien</u>. Debtor proposes to modify the following secured claims and liens in this Plan without a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

---

**DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN**

**TO CREDITOR LIENHOLDER/SERVICER** _____

_____

☐   Real property collateral (street address and/or legal description or document recording number, including county of recording):

_____

(*attach page with legal description of property or document recording number as appropriate*).

☐   Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*):

_____

☐   11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐   11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

(*check all that apply and see* LBR Form F 4003-2.4.ORDER.AFTERDISCH):

☐   (1) discharge under 11 U.S.C. § 1328, or

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    *Page 12*                          **F3015-1.01.CHAPTER13.PLAN**

☐     (2) Upon completion of all Plan payments.

Value of collateral: ............................................................................................... $ _____

Liens reducing equity (to which subject lien can attach): $ _____ + $ ____ + $ ____ = .. ($ _____ )

Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):...................................... )
    ($
                                                                                    _____

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0): ........................... $ _____

*Note*: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

D. **Other Non-Standard Plan Provisions (*use attachment, if necessary*):**

**V. REVESTING OF PROPERTY**

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

**By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.**

Date:   10/12/2022                                    /s/ Benjamin Heston
                                                      **Benjamin Heston**
                                                      Attorney for Debtor


                                                      Maximo Arturo Arriola
                                                      Debtor 1


                                                      Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                 Page 13                          **F3015-1.01.CHAPTER13.PLAN**

## ATTACHMENT A to Chapter 13 Plan/Confirmation Order
### (11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))

☑ **None.** *If "None" is checked, the rest of this Attachment A need non be completed.*

1.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd Lien on 123 Main St.): _____
    _____

2.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 3rd Lien on 123 Main St.): _____
    _____

3.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 4th Lien on 123 Main St.): _____
    _____

4.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd Lien on 456 Broadway): _____
    _____

5.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 3rd Lien on 456 Broadway): _____
    _____

6.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 4th Lien on 456 Broadway): _____
    _____

7.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 2nd Lien on 789 Crest Ave.): _____
    _____

8.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 3rd Lien on 789 Crest Ave.): _____
    _____

9.  **Creditor Lienholder/Servicer:** _____
    **Subject Lien** (*e.g.*, 4th Lien on 789 Crest Ave.): _____
    _____

*(Attach additional pages for more liens/provisions.)*

**CERTIFICATION:** I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (date)   __10/12/2022_____

*Printed name:*  **Benjamin Heston** _____  *Signature:* **/s/Benjamin Heston** _____
☑ Attorney for Debtor or   ☐ Debtor appearing without attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                          *Page 14*                  **F3015-1.01.CHAPTER13.PLAN**

# CONTRIBUTION DECLARATION

1

*Nexus_Bankruptcy*
Benjamin Heston (297798)

2

100 Bayview Circle #100
Newport Beach, CA 92660

3

Tel: 951.290.2827
Fax: 949.288.2054

4

ben@nexusbk.com

5

Attorney for Debtor

6

**UNITED STATES BANKRUPTCY COURT**

7

**CENTRAL DISTRICT OF CALIFORNIA**

8

**RIVERSIDE DIVISION**

9

10

| In re: | Case No: 6:22-bk-13643-SY |
|---|---|
| MAXIMO ARTURO ARRIOLA, | Chapter 13 |
| Debtor. | **DECLARATION OF EDUARDO ARRIOLA REGARDING CONTRIBUTIONS TO CHAPTER 13 PLAN** |

11

12

13

14

15

    1.   I, Eduardo A. Arriola, unconditionally promise that I will voluntarily contribute **my**

16

**CalWORKs Cash Aid of $800 and CalFresh benefits of $800 and at least $725 of my self-**

17

**employment income each month or more if necessary for the successful completion of the**

18

**Chapter 13 Plan** to the above-named Debtor to assist in paying household expenses and in

19

making payments under the Chapter 13 Plan. I promise that I will continue to make this

20

contribution for the entire term of the Plan, which may be up to 5 years. I agree that I will be

21

22

bound by the terms of this agreement, regardless of any change in my relationship to the Debtor.

23

    2.   My relationship with the Debtor is: **He is my brother**.

24

    3.   I reside with the Debtor and have resided with the Debtor for **more than 4 years**; or

25

I do not reside with Debtor.

26

    4.   If you do not reside with Debtor:

27

        a.   What city do you live in?

28

1

~~b.   How many people reside with you in your household?~~

~~c.   Of those who reside in the household, how many are dependent on your income?~~

~~d.   Do any other members of the household have income?~~

~~e.   If yes, what is the approximate gross monthly income of all~~ ~~other~~ ~~household
members' combined (excluding your income)?~~

5.   My motivation for making this contribution is (*explain in detail why you are making this
contribution. Attach additional sheets if necessary. Note that merely residing with the Debtor,
without more, may be insufficient to demonstrate your commitment to making the contribution*):
**My 4 kids and I live with my brother, and we absolutely need this house for our support
and family stability. Failure of this case would most likely result in our home being
foreclosed on, incurring a substantial amount of rental and moving costs, and having to
move my kids to new schools which could be traumatic for them.**

6.   **I have contributed to the household and to my brother's prior Chapter 13 Plan
continuously for the past 4 years in amounts that vary month-to-month**.

7.   If the amount or duration of your contribution to the Debtor has not been continuous,
explain the history of contributions, giving specific details about amounts, dates, and the nature
of the contributions. (*attach additional sheets if necessary*):
**I have been making contributions of varying amounts based upon my brother's and the
household's needs.**

8.   I certify to the Court that I have the financial ability to both make this contribution and to
continue to pay my own separate monthly expenses and liabilities during the term of the Plan (up
to 5 years). I have attached a statement of all of my sources of income and a statement of my
monthly expenses and those of my household, both projected for the next 5 years. I have not

included any of the debtor's expenses. (*It is recommended that you use the Court's Schedules I and J for listing your income and expenses. If you reside with the Debtor, list only your separate expenses. If you do not reside with the Debtor, list all household income and expenses*).

9.   I have attached evidence of all sources of my income for at least the 6 month period immediately prior to the date I am signing this declaration. (*As evidence of income, you can attach 6 months of paystubs, and/or redacted bank statements if you receive Social Security or other benefit payments. If you are self-employed, you may attach a redacted copy of your most recent year's federal tax return and a copy of the Chapter 13 Trustee's business report, a profit and loss statement, and 6 months of bank statements.*) **I will be refiling this declaration at a later point once I have gathered this evidence.**

Explanation of income (*if necessary*):

10. I am not aware of any factors that might increase my expenses or reduce my income over the next 5 years, except: **None.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed and dated this 12th day of October, 2022, at Riverside, California

EDUARDO ARRIOLA

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**100 Bayview Circle, Suite 100**
**Newport Beach, CA 92660**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 12, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Rod Danielson (TR)    notice-efile@rodan13.com**
**Nichole Glowin    bankruptcy@zbslaw.com, nglowin@ecf.courtdrive.com**
**Valerie Smith    claims@recoverycorp.com**
**United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) October 12, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**The Honorable Scott H. Yun**
**3420 Twelfth Street**
**Suite 345 / Courtroom 302**
**Riverside, CA 92501**

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/12/2022 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**FIRST CLASS MAIL**

Lakeview Loan Servicing, LLC
4425 Ponce De Leon Blvd, 5th Floor
Coral Gables, FL 33146

Lakeview Loan Servicing
c/o Loancare, LLC
3637 Sentara Way
Virginia Beach, VA 23452

ZBS Law, LLP
c/o Lakeview Loan Servicing, LLC
30 Corporate Park, Suite 450
Irvine, CA 92606

Chase Bank
c/o Robertson, Anschutz, & Schneid
6409 Congress Ave Ste 100
Boca Raton, FL 33487-2853

Portfolio Recovery Associates
P.O. Box 14067
Norfolk, VA 23518-0067

Verizon / American InfoSource
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

**CERTIFIED MAIL**

C T Corporation System
Agent for service of process for
Loancare, LLC
330 North Brand Blvd, Suite 700
Glendale, CA 91203

CSC – Lawyers Incorporating Service
Agent for service of process for
Lakeview Loan Servicing, LLC
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

California Housing Finance Agency
500 Capitol Mall, Suite 1400
Sacramento, CA 95814

| | **Secretary of State** **Statement of Information** (Limited Liability Company) | **LLC-12** | 20-E77563 |
|---|---|---|---|

**FILED**

In the office of the Secretary of State
of the State of California

**NOV 25, 2020**

**IMPORTANT —** Read instructions **before completing this form.**

**Filing Fee – $20.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**This Space For Office Use Only**

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

LAKEVIEW LOAN SERVICING, LLC

| **2. 12-Digit Secretary of State File Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201034210101 | DELAWARE |

**4. Business Addresses**

| a. Street Address of Principal Office - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 4425 PONCE DE LEON BOULEVARD, 5TH FLOOR | CORAL GABLES | FL | 33146 |

| b. Mailing Address of LLC, **if different than item 4a** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 4425 PONCE DE LEON BOULEVARD, 5TH FLOOR | CORAL GABLES | FL | 33146 |

| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| DAVID | | ERTEL | |

| b. Entity Name - Do not complete Item 5a |
|---|
| |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 4425 PONCE DE LEON BOULEVARD | CORAL GABLES | FL | 33146 |

**6. Service of Process** (Must provide either Individual **OR** Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA     AS CSC - LAWYERS INCORPORATING SERVICE (C1592199) |

**7. Type of Business**

| a. Describe the type of business or services of the Limited Liability Company |
|---|
| ACQUIRE & SELL REO ASSETS |

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9. The Information contained herein, including any attachments, is true and correct.**

| 11/25/2020 | BRIAN E. BOMSTEIN | AUTHORIZED PERSON | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name: ⌐                    ⌐

Company:

Address:

City/State/Zip: ⌐                    ⌐

LLC-12 (REV 01/2017)                    Page 1 of 1                    2017 California Secretary of State
www.sos.ca.gov/business/be



**Secretary of State**
**Registered Corporate Agent for**
**Service of Process Certificate**
(Registered Corporations ONLY)

1505



**FILED**
Secretary of State
State of California

A0872205
Filing Number

01/06/2022
Filing Date

This Space For Office Use Only

**IMPORTANT —** **Read Instructions** before completing this form.

**Filing Fee – $30.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**Who Can File?** Any **active** corporation that is registered with the
California Secretary of State can file this Form 1505 to become
authorized to be a corporate agent for service of process for other
business entities that are registered with the Secretary of State.
To check the status of your corporation, and to ensure you are
entering the **exact** name of the corporation and the **correct** 7-digit
Secretary of State file number, go to BusinessSearch.sos.ca.gov.

---

**1.   Corporate Name**   (Enter the **exact** name of the corporation as it is recorded with the California Secretary of State.)

Corporation Service Company Which Will Do Business in California as CSC-Lawyers Incorporating Service

**2.   7-Digit Secretary of State Entity Number**

C1592199

**3.   Address for Service of Process**   (Enter the **complete** street address in California of the office where any entity that named your corporation as agent for service of process may be served with process.)
**Do not** enter a P.O. Box or "in care of" an individual or entity.

| Street Address - **Do not** enter a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 2710 Gateway Oaks Drive, Suite 150N | Sacramento | CA | 95833 |

**4.   Authorized Employees**   (Enter the names of all persons employed by your corporation who are authorized to accept delivery of any copy of service of process, at the address entered in Item 3 above, on any entity who has designated your corporation  a as its agent for service of process.  **Must** enter at least 1 person.  If there are more than 3, **see Instructions**.)

| a. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
|---|---|---|---|
| See attached list | | | |
| b. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
| | | | |
| c. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
| | | | |

**5.   Statement of Consent** (Do not alter the Statement of Consent.)

This corporation consents that delivery of a copy of service of process to an authorized employee at the address designated in item 3 shall constitute delivery of any such copy to the corporation, as the agent for service of process.

**6.   Read and Sign Below**   (**See Instructions**.  Office or title not required.  Do not use a computer generated signature.)

I am a corporate officer and am authorized to sign on behalf of the corporation.

_____
Signature

Jackie Smetana, Executive Vice President
_____
Type or Print Name

**Secretary of State**
**Statement of Information**
(Limited Liability Company)

**LLC-12**

21-F58845

# FILED

In the office of the Secretary of State
of the State of California

**OCT 26, 2021**

**This Space For Office Use Only**

**IMPORTANT — Read instructions before completing this form.**

**Filing Fee – $20.00**

**Copy Fees** – First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

| **1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.) |
|---|
| LOANCARE, LLC |

| **2. 12-Digit Secretary of State File Number** | **3. State, Foreign Country or Place of Organization** (only if formed outside of California) |
|---|---|
| 201333710001 | VIRGINIA |

**4. Business Addresses**

| a. Street Address of Principal Office - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 3637 Sentara Way | Virginia Beach | VA | 23452 |

| b. Mailing Address of LLC, **if different than item 4a** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 3637 Sentara Way, Attn: Legal/Licensing | Virginia Beach | VA | 23452 |

| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Walter | David | Worrall | |

| b. Entity Name - Do not complete Item 5a |
|---|
| |

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 3637 Sentara Way | Virginia Beach | VA | 23452 |

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | CA | |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

| c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b |
|---|
| C T CORPORATION SYSTEM (C0168406) |

**7. Type of Business**

| a. Describe the type of business or services of the Limited Liability Company |
|---|
| Third-Party Mortgage Subservicing |

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| | | | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| | | | |

**9. The Information contained herein, including any attachments, is true and correct.**

| 10/26/2021 | Walter David Worrall | President and Board Manager | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name: ⌐          ¬

Company:

Address:

City/State/Zip: ⌐          ⌐

LLC-12 (REV 01/2017)                    Page 1 of 2                    2017 California Secretary of State
www.sos.ca.gov/business/be



**Secretary of State**

**Registered Corporate Agent for
Service of Process Certificate**

(Registered Corporations ONLY)

1505



**This Space For Office Use Only**

IMPORTANT — **Read Instructions** before completing this form.

**Filing Fee –  $30.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

**Who Can File?**  Any **active** corporation that is registered with the
California Secretary of State can file this Form 1505 to become
authorized to be a corporate agent for service of process for other
business entities that are registered with the Secretary of State.
To check the status of your corporation, and to ensure you are
entering the **exact** name of the corporation and the **correct** 7-digit
Secretary of State file number, go to BusinessSearch.sos.ca.gov.

---

1.   **Corporate Name**    (Enter the **exact** name of the corporation as it is recorded with the California Secretary of State.)

C T CORPORATION SYSTEM

---

2.   **7-Digit Secretary of State Entity Number**

C0168406

---

3.   **Address for Service of Process**    (Enter the **complete** street address in California of the office where any entity that named your
corporation as agent for service of process may be served with process.)
**Do not** enter a P.O. Box or "in care of" an individual or entity.

| Street Address  - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 330 N Brand Blvd Ste 700 | Glendale | CA | 91203 |

---

4.   **Authorized Employees**    (Enter the names of all persons employed by your corporation who are authorized to accept delivery of any copy
of service of process, at the address entered in Item 3 above, on any entity who has designated your corporation  a
as its agent for service of process.  **Must** enter at least 1 person.  If there are more than 3, **see Instructions**.)

| a. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
|---|---|---|---|
| Amanda |  | Garcia |  |
| b. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
| Gabriela |  | Sanchez |  |
| c. First Name of Authorized Employee | Middle Name | Last Name | Suffix |
| Daisy |  | Montenegro |  |

---

5.   **Statement of Consent** (Do not alter the Statement of Consent.)

This corporation consents that delivery of a copy of service of process to an authorized employee at the address
designated in item 3 shall constitute delivery of any such copy to the corporation, as the agent for service of process.

---

6.   **Read and Sign Below**   (See Instructions.  Office or title not required.  Do not use a computer generated signature.)

I am a corporate officer and am authorized to sign on behalf of the corporation.

| | |
|---|---|
| _Marie Hauer_ | Marie Hauer |
| Signature | Type or Print Name |

---

1505 (REV 12/2020)

2020 California Secretary of State
bizfile.sos.ca.gov

# Contact Us

 **calhfa.ca.gov**/about/contactus

Homebuyers interested in applying for financing should contact one of CalHFA's underlined approved
lenders or fill out a short questionnaire to have a CalHFA Representative contact you.

For Language Access Issues click here.

You may call our office between the hours of 8:00 a.m. and 5:00 p.m., Monday through
Friday.

**Sacramento Headquarters**
500 Capitol Mall, Ste. 1400
Sacramento, CA 95814
877.9.CalHFA (877.922.5432)

**Mailing Address**
500 Capitol Mall, Ste. 1400 (MS 400)
Sacramento, CA 95814
**Los Angeles Office**
100 Corporate Pointe, Ste. 250
Culver City, CA 90230
310.342.5400

**Media Contact**:
All media request should be directed to media@calhfa.ca.gov or Chris Saur at 916.326.8604.

 Meet with Tiena

| Departments | Phone | Fax & Email |
|---|---|---|
| **Administration** | p: 916.326.8000 | f: 916.322.1994 |
| **Asset Management** Northern CA | p: 916.326.8625 | f: 916.326.6429 |
| **Asset Management** Southern CA | p: 310.342.5400 | f: 310.342.1226 |

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Name, Address, Telephone Numbers, and California State Bar Number (if applicable)<br><br>ZBS Law, LLP<br>Nichole L. Glowin, Esq. #262932<br>30 Corporate Park, Suite 450<br>Irvine, CA 92606<br>Phone: (714) 848-7920<br>Email: bankruptcy@zbslaw.com<br>File: 19001066 | CASE NO.:  6:22-bk-13643-SY<br><br>CHAPTER: 13 |
|---|---|
|  | ☑  **REQUEST COURTESY<br>     NOTIFICATION OF ELECTRONIC<br>     FILING (NEF)** |
| In re:  Maximo Arturo Arriola<br><br><br><br>                                          Debtor(s) | ❑  **REQUEST REMOVAL FROM<br>     COURTESY NOTIFICATION OF<br>     ELECTRONIC FILING (NEF)** |

## REQUEST TO BE ADDED OR REMOVED FROM
## COURTESY NOTIFICATION OF ELECTRONIC FILING (NEF)

To the Clerk of the U.S. Bankruptcy Court, I hereby:

☑  **Request Courtesy Notification of Electronic Filing.**  The above named wishes to receive courtesy electronic notice of all documents filed in the above referenced case.  I understand the courtesy electronic notification shall be delivered via the Court's Case Management/Electronic Filing (CM/ECF) system as a Notice of Electronic Filing (NEF) and that I must be a registered User of the Court's CM/ECF system to be eligible for courtesy NEFs.

I understand it is my responsibility to add myself and my e-mail address to the above referenced case via CM/ECF in order to receive a courtesy NEF.

I further understand this request **DOES NOT** impose any obligation on the Court, the debtors or any other party in the case to deliver courtesy copies of any orders, pleadings or other documents entered on the docket  by mail, telephone, facsimile, or any other means of electronic transmission.

I will use docket event "Request for Courtesy Notice of Electronic Filing (NEF)."

❑  **Request Removal from Courtesy Notification of Electronic Filing.** By selecting this option, courtesy notification of court orders and all other pleadings entered on the docket in the above referenced case will no longer be sent via electronic means to the above named.

I will use docket event "Request for REMOVAL from Courtesy Notice of Electronic Filing (NEF)."

(**WARNING:  This form must be used to be added or removed from receiving Courtesy NEFs and may NOT be used in place of** *Substitution of Attorney* **form F 2090-1.4)**

Dated:  10/4/22                              /s/ Nichole L. Glowin
                                                        *Signature*

**(NOTE: This form can only be filed electronically via the Court's CM/ECF system.** Scan this form to a PDF document, then file electronically.)

---

This form is mandatory. It has been approved by the United States Bankruptcy Court for the Central District of California.

*April 2010*